UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HELARY DUPIGNY,

                              Plaintiff,

                    -against-

Police Officer PAUL MALLILO, Shield No. 13679; Sergeant VINCENT D'AMBROSIO, Shield No. 1329; Police Officer FRANK BEERS, Shield No. 17641; JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 866 (RRM)(MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Helary Dupigny ("plaintiff" or "Mr. Dupigny") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Paul Mallilo, Shield No. 13679 ("Mallilo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mallilo is sued in his individual and official capacities.

9. Defendant Sergeant Vincent D'Ambrosio, Shield No. 1329 ("D'Ambrosio"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant D'Ambrosio is sued in his individual and official capacities.

10. Defendant Police Officer Frank Beers, Shield No. 17641 ("Beers"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Beers is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 9:00 p.m. on July 16, 2013, plaintiff was lawfully in the vicinity of Winthrop Street between Rogers and Bedford Avenues in Brooklyn, New York.

15. Mr. Dupigny was lawfully sitting on a bench talking with friends when defendants ordered him to approach them.

16. Plaintiff complied and, as he walked toward defendants, he turned the camera on his cellphone and began recording.

17. Suddenly a defendant officer jumped on plaintiff and attempted to take his cellphone from him.

18. Defendants assaulted Mr. Dupigny, including throwing him to the ground, slamming his head into the ground; and kneeing him in his face.

19. Without probable cause or reasonable suspicion to believe he had committed any crime, defendants arrested Mr. Dupigny.

20. Defendants ordered Mr. Dupigny to put his hands behind his back, but when he complied, they violently yanked his arms further behind his back causing him severe pain and injury.

21. Defendants illegally searched plaintiff and no contraband was recovered.

22. Plaintiff was eventually taken to the 71st Precinct.

23. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Dupigny in criminal possession of marijuana and resisting arrest, and prepared false paperwork, including an arrest report.

24. At no point did the officers observe plaintiff commit a crime.

25. Mr. Dupigny requested medical attention for his injuries, but defendants refused, threatening that his incarceration would be extended if he sought treatment.

26. At some point, medical care providers were finally contacted.

27. Mr. Dupigny was eventually transferred to Brooklyn Central Booking.

28. On July 17, 2014, and after approximately 22 hours in custody, plaintiff was released on his own recognizance.

29. Mr. Dupigny had to appear in criminal court approximately ten times before all the charges were dismissed on February 6, 2014, after a bench trial.

30. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

31. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

32. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

33. Mr. Dupigny suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**State Law False Imprisonment and False Arrest**

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

42. Plaintiff was conscious of his confinement.

43. Plaintiff did not consent to his confinement.

44. Plaintiff's confinement was not otherwise privileged.

45. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

49. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

50. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
**Unreasonable Force**

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**State Law Assault and Battery**

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

56. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. The individual defendants created false evidence against plaintiff.

60. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

61. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

62. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring, Training and Retention

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

65. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

66. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

67. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended

detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

71. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Deliberate Indifference to Medical Needs

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

76. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

80. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

81. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: June 18, 2014
              New York, New York

              HARVIS WRIGHT & FETT LLP

              _____
              Baree N. Fett
              305 Broadway, 14th Floor
              New York, New York 10007
              (212) 323-6880
              bfett@hwandf.com

              *Attorneys for plaintiff*